**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FINTUBE TECHNOLOGIES, INC.,** | ) | |
| **an Oklahoma corporation, and** | ) | |
| **its wholly owned operating division,** | ) | |
| **known as TEKTUBE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-CV-56-JHP-FHM** |
| | ) | |
| **TUBETECH NORTH AMERICA, INC.,** | ) | |
| **also known as TUBETECH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER and OPINION

This case arises from the weld failures identified in some X-ID tubing manufactured and sold by Defendant for Plaintiff to resell to its ultimate end user.  Before the Court are Plaintiff's Motions in Limine, numbers 1-5.  The parties having fully briefed the issues, the Court now rules as follows:

**1.     Additional Testing**

Plaintiff anticipates, and Defendant does not deny, that Defendant will attempt to introduce evidence of additional testing Plaintiff could have performed before shipping the tubing to the end user.  Plaintiff argues that, because neither the contract nor the industry standard requires a "extraordinary" level of testing, such evidence would be irrelevant, confusing, and/or prejudicial.  Defendants counters that such evidence is directly relevant to the issues remaining for trial, namely (1) whether Plaintiff discovered the alleged non-conformities or could have discovered them with additional testing, and (2) whether it would have been difficult to discover the alleged non-conformities prior to acceptance.

Because the contract identified the method of testing to be used in this transaction, the

Court finds that any testimony regarding testing should be limited to any testing actually

performed, the contract specifications, and the industry standard.  *See* <u>Atlan Indus., Inc. v.</u>

<u>O.E.M., Inc.</u>, 555 F. Supp. 184, 188 (W.D. Okla. 1983) (holding that "the law does not require

the buyer to perform any more tests than are common in the industry").  Thus, the parties may

present evidence on the issue of testing to the extent necessary to show the industry standard.

*See, e.g.*, 12A Okla. Stat. § 1-303(c) ("The existence and scope of such a usage [of trade] must

be proved as facts.") However, evidence of "extraordinary" testing would be irrelevant because,

"[w]ith the benefit of hindsight, it may be confidently assumed that sellers could always point to

some sort of test that would have disclosed the existence of a latent defect."  <u>J.F. Daley v.</u>

<u>Midwest Container & Indus. Supply</u>, 849 S.W.2d 260, 264 (Mo. Ct. App. 1993).

**2.      Criticisms or opinions by Defendant's expert not disclosed in his report**

Plaintiff asserts that Defendant's expert should not be allowed to offer opinions that he

did not disclose in his report, as such testimony would prejudice Plaintiff's ability to receive a

fair trial.  Defendant notes that Plaintiff's expert should also not be allowed to go beyond his

report but, to the extent that happens, its expert should be allowed to go beyond his report to

rebut the new information.  Such will be the order of the Court.

**3.      Requests for production in the jury's presence**

Plaintiff seeks to prohibit Defendant from asking Plaintiff to produce any items not

already disclosed in the pretrial order.  Defendant alleges, and Plaintiff does not deny, that this

motion is intended to exclude evidence that the tubing at issue was scrapped and is therefore no

longer available.  Defendant argues that such information could be relevant to its defense.  The

Court finds that such information could indeed be relevant, and Plaintiff's Motion is therefore DENIED on this point.

**4.      Exhibits not previously identified or listed on the pretrial order**

To the extent that Plaintiff seeks to prevent Defendant from introducing exhibits or witnesses not identified in its final exhibit list, the Court notes that the pretrial order controls the presentation of evidence during the parties' cases in chief.  Parties are not necessarily required to disclose their rebuttal witnesses and exhibits.  Plaintiff's Motion is therefore DENIED as to the fourth item.

**5.      Reference to the Motion in Limine itself**

The parties agree that any reference to the fact that their motions in limine were filed and ruled on by this Court are prohibited, and such will be the order of the Court.

<u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.  In keeping with these findings, parties are directed to avoid any evidence, arguments, comments, and questions designed to elicit information concerning information deemed inadmissible herein, and should so instruct their witnesses.  All exhibits should be edited accordingly, consistent with this Order.

IT IS SO ORDERED this 21st day of June 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma

3