IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FINTUBE TECHNOLOGIES, INC., an Oklahoma corporation, and its wholly owned operating division, known as TEKTUBE, ) ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 05-CV-56-JHP-FHM |
| TUBETECH NORTH AMERICA, INC., also known as TUBETECH, ) ) ) | |
| Defendant. ) | |

**ORDER and OPINION**

This case arises from the weld failures identified in some X-ID tubing manufactured and sold by Defendant for Plaintiff to resell to its ultimate end user. The parties have both employed experts to opine as to the quality of the tubing. Both parties have also challenged the relevance and reliability of the other's expert. Before the Court are Plaintiff's Second Motion in Limine, which seeks to exclude from trial certain evidence and testimony from Defendant's expert witness, and Defendant's Motion in Limine to exclude the report and testimony of Plaintiff's expert witness. The parties having fully briefed the issues, the Court now rules as follows:

The Court, in performing its "gatekeeper" function, must evaluate proposed expert testimony to ensure that the information is both relevant and reliable. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, ___ (1993). In order to be relevant, the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." Id. at 591. To be reliable, the testimony "must be based on scientific knowledge, which implies a grounding in the methods and procedures of science based on actual knowledge, not subjective belief or

1

unsupported speculation." Dodge v. Cotter Corp., 328 F.3d 1212, 1222 (10th Cir. 2003) (quoting Daubert, 509 U.S. at 590) (internal quotations omitted). The parties here argue that the other's expert testimony is neither relevant nor reliable, and should be excluded pursuant to Fed. R. Evid. 702.

Plaintiff's chief complaint is that Defendant's expert's opinion that additional testing should have been done is unverified, subjective, and speculative. Indeed, the opinion states, "Without any documentation of tubing quality, it is possible to **speculate** that the tubing actually utilized . . . was sound and only a few, if any, would require replacement." (Emphasis added.) Of course, the Court notes that the tubing at issue in this case was scrapped, such that any verification by Defendant's expert was not possible. Likewise, Defendant asserts that, because the tubing was scrapped, Plaintiff's expert could not have tested it either, and that his opinions as to the quality of the tubing are therefore insufficient under the Daubert standard and should be excluded.[1] The Court also notes that both parties have raised issues relating to expert testimony in their other motions in limine, and any findings contained herein should therefore be interpreted consistently with the Court's orders on related issues.

To the extent that the information contained in both parties' expert reports and proposed testimony is potentially relevant to show the industry standard for testing, any difficulty in discovering the type of defect at issue, etc., the Court finds that such information is admissible. Both experts appear competent to testify on these issues. The Court also specifically notes that Plaintiff's expert did, in fact, examine some portions of the tubing at issue, and that Defendant's

---

[1] Defendant also moves for exclusion of Plaintiff's expert report and testimony as a sanction for Plaintiff's spoliation of evidence. The Court has already addressed the issue of spoliation in its Order of May 5, 2006, and so will not consider the issue herein.

expert evaluated these results.  Should the parties wish to challenge the sufficiency of these examinations, or question the experts' credibility, they may do so on cross-examination.

Upon review of the parties' briefs, the experts' reports, and other exhibits on file, the Court finds these experts have satisfied the "flexible" standard of <u>Daubert</u>.[2]  Accordingly, Plaintiff's Second Motion in Limine is DENIED, and Defendant's Motion in Limine to Exclue is also DENIED.

IT IS SO ORDERED this 21st day of June 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[2] The Court notes that neither party actually challenged the qualifications of the other's expert, but only their methodology.  Because the tubing was scrapped, and extensive testing by these experts was therefore not possible, the Court in its discretion adopted a more "liberal" approach to the <u>Daubert</u> standards in reaching its conclusions.  *See* <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 141, 152-53 (1999).