IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FINTUBE TECHNOLOGIES, INC.,** an Oklahoma corporation, and its wholly owned operating division, known as TEKTUBE, <br><br>        **Plaintiff,** <br><br> v. <br><br> **TUBETECH NORTH AMERICA, INC.,** also known as TUBETECH, <br><br>        **Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Case No. 05-CV-56-JHP-FHM |

**ORDER and OPINION**

This case arises from the weld failures identified in some X-ID tubing manufactured and sold by Defendant for Plaintiff to resell to its ultimate end user. Before the Court are Defendant's Motions in Limine, numbers 1-7. The parties having fully briefed the issues,[1] the Court now rules as follows:

    **1.**     **Instructions to witnesses**

Defendant moves the Court to instruct Plaintiff's witnesses to refrain from offering opinions not previously disclosed by their responses to questions put to Plaintiff's counsel or witnesses, whether by interrogatory, deposition, report, or pleading. Defendant only objects to this motion insofar as it limits Plaintiff's witnesses to offering only those opinions about which

---

[1] The Court interprets Plaintiff's Response as posing a limited objection to Defendant's first motion, and as opposing numbers five and six, with all other issues being agreed. The Court notes, however, that Plaintiff "responds" to Defendant's objections to exhibits 28 and 86, which were not addressed in Defendant's Motion. The Court therefore reserves the issue of Fintube exhibits 28 and 86 to be decided (1) upon receipt of Plaintiff's "Reply" to Defendant's argument, or (2) at trial. Any "reply" Plaintiff makes shall be due 10 days from the date of this Order.

1

Defendant's counsel inquired during discovery. The Court assumes the parties are referring to expert witnesses. The Court therefore adopts its ruling on Plaintiff's Motion in Limine number two, and further reminds the parties that the pretrial order controls the presentation of exhibits and witnesses in this case. Finally, to the extent that more guidance is necessary on this issue, the Court notes that other information may be admissible, depending upon "(1) the prejudice or surprise in fact of the party against whom the [information is offered], (2) the ability of that party to cure the prejudice [*e.g.*, upon cross-examination], (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order." Smith v. Ford Motor Co., 626 F.2d 784, 797 (10th Cir. 1980) (quoting Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977).

### 2. Settlement

The parties agree that any information regarding settlement attempts in this litigation shall not be presented at trial, and such will be the order of the Court, pursuant to Fed. R. Civ. P. 408.

### 3. Rulings on pretrial motions

The parties agree that any reference to the fact that their motions in limine and any other pretrial motions were filed and ruled on by this Court are prohibited, and such will be the order of the Court.

### 4. "Golden Rule" arguments

The parties agree that arguments urging the jury to "send a message" are inappropriate and should be excluded. Such will be the order of the Court, pursuant to Blevins v. Cessna

Aircraft Co., 728 F.2d 1576 (10th Cir. 1984), which found "Golden Rule" arguments to be "universally" unacceptable. Id. at 1580.

### 5. Inflammatory comments about opposing counsel and witnesses

Counsel are admonished to remain professional at all times. However, they may certainly offer evidence to discredit opposing witnesses, consistent with Fed. R. Evid. 607-609. Defendant's motion to prohibit Plaintiff and its witnesses from "making derogatory or inflammatory comments about opposing parties and witnesses" is therefore DENIED, subject to the bounds of professionalism, as well as the dictates of Fed. R. Evid. 402-403.

### 6. Credibility of witnesses

Defendant moves to exclude information regarding whether a witness believes another party or witness, or whether the party or witness was credible in its dealings with the other, as invading the province of the jury to determine the credibility of witnesses. Again, counsel are admonished to remain professional at all times, and to be mindful of the "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See* Fed. R. Evid. Within these confines, however, counsel may certainly offer evidence to discredit opposing witnesses, consistent with Fed. R. Evid. 607-609. Defendant's Motion is therefore DENIED as to the sixth issue.

### 7. Information regarding the parties' protective order

The parties agree that information about the parties' protective order, or any implication of a "cover-up" would be inappropriate and should be excluded. Such will be the order of the Court pursuant to Fed. R. Evid. 402 and 403, as such information would be both irrelevant and unduly prejudicial.

## Conclusion

For the foregoing reasons, Defendant's Motion is GRANTED IN PART and DENIED IN PART. In keeping with these findings, parties are directed to avoid any evidence, arguments, comments, and questions designed to elicit information concerning information deemed inadmissible herein, and should so instruct their witnesses. All exhibits should be edited accordingly, consistent with this Order.

IT IS SO ORDERED this 21st day of June 2006.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma